# Exhibit 1

# Commonwealth of Massachusetts

RECEIVED
JUN - 4 2012
Federal Express
ANTHONY M. BONGIORNO

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 12-1554 H

Carla Defilipp , Plaintiff(s)

v.

CBS Corp., D/B/A WBZ-TV , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Joseph Sulman 185 Devonshire St. #502 Boston MA 02110 plaintiff's attorney, whose address is _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____.

A true copy Attest: Michael Joseph Donovan
true copy Attest: 6/1/12
Deputy Sheriff Deputy Sheriff Suffolk County

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 201___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

Dated: _____, 201___

N.B.  TO PROCESS SERVER: –
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

_____, 201___

**RECEIVED**
JUN - 4 2012
Federal Express
ANTHONY M. BONGIORNO

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

_____, Plff(s)

v.

_____, Deft(s)

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

COMMONWEALTH OF MASSACHUSETTS

Suffolk ss.                                                                                         Superior Court

| CARLA DEFILIPPO, | C.A ———— 12-1554 H |
|---|---|
| Plaintiff, | |
| v. | RECEIVED |
| CBS COPRORATION, d/b/a WBZ-TV, | APR 24 2012 |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

### I. Introduction

1.  This action arises out of two issues related to the employment of Plaintiff Carla Defilippo with Defendant CBS Corporation, Inc., d/b/a WBZ-TV ("WBZ"). First, WBZ wrongly misclassified Plaintiff as exempt from wage and hour laws relating to overtime and thus failed to pay her thousands of dollars in compensation for the hours she worked in excess of forty hours per week. Second, WBZ refused to allow Plaintiff to take intermittent leave under the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq., requiring her instead to take her statutorily-guaranteed leave in a single period of consecutive days, and terminated her employment in retaliation for her taking FMLA leave. Such actions caused Plaintiff significant damages including, *inter alia*, lost income, lost benefits, and emotional distress related to the inability to care for her sick mother.



RECEIVED JUN - 4 2012 FederalExpress ANTHONY M. BONGIORNO

## II. Parties

2. Plaintiff Carla Defilippo is a former employee of Defendant CBS Corporation and its local affiliate WBZ-TV, and resides in East Boston, Massachusetts.

3. Defendant CBS Corporation, Inc., is a Delaware corporation with a principal office in New York, New York, and operates radio and television stations throughout the United States, including WBZ-TV in Boston.

## III. Facts

### i. *Misclassification*

4. Plaintiff began working for WBZ in 2001 as an office administrator for programming for its radio station affiliate, WBZ-AM. In 2004, she transferred to a new position as executive assistant in the sales department for the television station, WBZ-TV. At all times, WBZ classified her as exempt.

5. Initially, Plaintiff's duties and obligations involved supervising the sales assistants for WBZ and WSBK, all office administration work, which included travel arrangements, preparing expense reports and vacation requests, facilitating requests for entertainment and tickets, serving as a liaison with other departments, and coordinating special events.

6. After a few years, however, and by at least 2008, WBZ added duties to Plaintiff's position that more closely resembled those of a sales assistant, such as entering sales orders. Although she never received an official change in title or job description, she was expected to devote the majority of her time to such duties, primarily the entering of sales orders. However other duties were not removed. This led to Plaintiff being required to meet the demands of account executives and their sales order needs as well as her usual administrative duties.

7. Plaintiff told one of her supervisors, Helyn Wynyard, that the sales assistant duties overburdened her and made it difficult for her to complete all of her assigned tasks. No changes were made to her duties and expectations, however.

8. As a result of the added duties, Plaintiff regularly worked in excess of 40 hours per week. Plaintiff would usually arrive at work between 8:30 and 9 a.m. and was scheduled to work until 5:30 or 6 p.m. with an hour lunch. She would work until 7 p.m. or later at least three days a week on average, however, usually without taking a full lunch break, and often times assisting an executive at WBZ who was also working late.[1] This occurred regularly until her termination.

9. Plaintiff's did not record her work hours accurately because she had learned over her years of working at WBZ that the company did not want to pay its employees to work overtime, but she still needed to get all of her work done on time, particularly for the account executives. Thus, she did not record that she left at or after 7 p.m. on many nights, although WBZ knew that she left at this time.

10. On Plaintiff's 2010 performance evaluation, she is listed as exempt although the evaluation lists her as a sales assistant and focuses almost exclusively on her duties as a sales assistant.

11. Sometime in or around May 2011, Jill Teichman, HR/Payroll Coordinator at WBZ, told Plintiff to start putting "non-exempt" on her time sheets. Around the same time, Teichman brought a stack of old time sheets to Plaintiff and told Plaintiff that she needed to initial the documents because of an audit issue with her exempt status and it would make the

---

[1] Plaintiff would sometimes arrive at work around 9:30 a.m., with prior approval from WBZ, on days when she needed to help her sick mother, with the understanding that she would make up the hours at the end of the day.

3

issue "go away." Plaintiff believes that her classification on the time sheets had been changed to non-exempt and that she was requested to sign her initials to indicate her approval of the change.

12. From that point forward, Plaintiff's time sheets represented that she was non-exempt, although her duties and responsibilities did not change. Similarly, WBZ still tacitly allowed Plaintiff to work overtime and knew that she did so.

13. For instance, in a memorandum from Ms. Wynyard on April 21, 2011 about Plaintiff's work inputting sales orders, Ms. Wynyard refers to the fact that Plaintiff approached a supervisor once at 6:30 p.m. with a question and refers to Plaintiff contacting an executive in the evening about another matter on a separate occasion.

14. Plaintiff filed a Nonpayment of Wages and Workplace Complaint form with the Office of the Attorney General on March 8, 2012 and received authorization to pursue a private right of action per M.G.L. c. 149, § 150.

### ii. *FMLA*

15. In 2007, Plaintiff's mother was diagnosed with Alzheimer's disease. In 2008 Plaintiff requested intermittent leave under the Family and Medical Leave Act to help assist with her mother's care.

16. In response to her request, Plaintiff was told that WBZ did not allow its employees to take intermittent leave. She was told that she could use all of her FMLA leave but needed to do so during a single time period. As a result, Plaintiff took her 12-weeks of FMLA leave over one period.

17. Plaintiff requested FMLA leave in 2009 and 2011 again to help care for her mother. In both instances, due to the WBZ's policy of not allowing intermittent leave, she only took a single period of leave.

18. Had WBZ allowed Plaintiff to take intermittent leave in 2008, she would have done so again in 2009 and 2011. This would have allowed her to provide better care for her mother since her mother's needs were ongoing and sporadic and not confined to a single time period. As a result, Plaintiff could not support her mother's needs as productively and beneficially as possible, which caused significant distress to her.

19. Since her hiring in 2001, Plaintiff never received any discipline or negative feedback during employment with Defendant until she took her second FMLA leave in 2009. At that point, she began to receive negative feedback and evaluations from Wynyard and some other superiors.

20. After Plaintiff returned from her FMLA in 2011 in August, she immediately received a letter from Wynyard reminding her about a previous warning and that improvements needed to be made with her performance.

21. Two months later, Wynyard issued another warning.

22. Around that same time, Plaintiff had an occasion where she was reviewing documents to prepare an expense report for Wynyard and came across a document concerning Plaintiff's most recent FMLA leave. The document had the letters "ired" written vertically below the F in FMLA to spell out "Fired." Plaintiff did not recognize the handwriting and brought the document to Wynyard's attention. Wynyard acted shocked and said she would call human resources about it.

23. Defendant terminated Plaintiff on January 17, 2012.

## COUNT I

### (Overtime)

The actions of Defendant as set forth above, including, *inter alia*, failing to pay Plaintiff one-and-one-half her regular rate for hours worked in excess of forty in a week, violated M.G.L. c. 151, § 1B, causing damages.

## COUNT II

### (Violation of Duty of Good Faith and Fair Dealing)

The actions of Defendant as set forth above, including, *inter alia*, failing to pay Plaintiff her correct wages under her employment contract and coercing Plaintiff to sign-off on a retroactive change to non-exempt status, unfairly and unjustly deprived Plaintiff of the benefits of her contract with Defendant, causing damages.

## COUNT III

### (Unjust enrichment/Quantum Meruit)

By providing services to Defendant without additional compensation in excess of forty hours per week, Plaintiff conferred a benefit that unjustly enriched Defendant which requires recovery in quantum meruit.

## COUNT IV

### (FMLA – Intermittent Leave)

The actions of Defendants as set forth above, including, *inter alia*, failing to allow Plaintiff to take intermittent leave but instead requiring her to take all of her leave in one lump period, violated the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq,, as provided in 29 CFR § 825.202, causing damages.

## COUNT V

### (FMLA – Retaliation)

The actions of Defendants as set forth above, including, *inter alia*, providing negative feedback and evaluations and eventually terminating Plaintiff in response to her taking FMLA leave, constitutes retaliation for protected activity under FMLA, 29 U.S.C. § 2601, et seq., as provided in 29 CFR § 825.220, causing damages.

### JURY DEMAND

The Plaintiff demands a trial by jury on all of her claims.

WHEREFORE, the Plaintiff requests that this Court enter the following relief:

1. Order the Defendant to pay Plaintiff compensatory damages in the form of lost wages, front-pay, and emotional distress;

2. Order the Defendant to pay treble damages, attorneys' fees, and costs per M.G.L. c. 151, §1B;

3. Any other relief to which the Plaintiff may be entitled.

Respectfully submitted,

Plaintiff Carla DeFilippo

By her attorney,

Joseph L. Sulman, BBO #663635
Law Office of Joseph L. Sulman
185 Devonshire Street, Suite 502
Boston, MA 02110
(617) 521-8600
jsulman@sulmanlaw.com

April 23, 2012




**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

NTP / ALL
Transmittal Number: 9973511
Date Processed: 06/01/2012

| | |
|---|---|
| Primary Contact: | Anthony Bongiorno<br>CBS Corporation<br>Corporate & Securities<br>51 West 52nd Street (19-13)<br>New York, NY 10019 |
| Copy of transmittal only provided to: | Susanna Lowy Esq.<br>Naomi Waltman |

RECEIVED JUN - 4 2012 Federal Express ANTHONY M. BONGIORNO

| | |
|---|---|
| Entity: | CBS Corporation<br>Entity ID Number 0169178 |
| Entity Served: | CBS Corp, d/b/a WBZ-TV |
| Title of Action: | Carla Defilippo vs. CBS Corporation, d/b/a WBZ-TV |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court/Agency: | Suffolk County Superior Court, Massachusetts |
| Case/Reference No: | 12-1554 H |
| Jurisdiction Served: | Massachusetts |
| Date Served on CSC: | 06/01/2012 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Joseph L. Sulman<br>617-521-8600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com