UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CARLA DeFILIPPO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 12-11109-JGD |
| CBS CORPORATION, d/b/a | ) | |
| WBZ-TV, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF DECISION AND ORDER ON
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

September 3, 2013

DEIN, U.S.M.J.

## I.  INTRODUCTION

The plaintiff, Carla DeFilippo, was employed by the defendant, CBS Corporation,

d/b/a WBZ-TV ("WBZ").  She has brought an action alleging that she was wrongly

misclassified as exempt from wage and hour laws relating to overtime (Counts I-III), that

WBZ interfered with her right to take intermittent leave under the Family and Medical

Leave Act, 29 U.S.C. §§ 2601, et seq. ("FMLA") by failing to advise her of that option

(Count IV), and that WBZ retaliated against her for taking FMLA leave (Count V).  This

matter is before the court on the Defendant's Motion for Partial Summary Judgment

(Docket No. 10).  By this motion, WBZ is seeking judgment in its favor on DeFilippo's

claim that she was denied intermittent FMLA leave (Count IV) on the grounds that her

claim is time barred.  This court concludes that there are disputed facts as to whether

WBZ was obligated to advise DeFilippo of her right to take intermittent leave in 2009 and 2011, and whether WBZ is equitably estopped from challenging DeFilippo's failure to request intermittent leave.  Therefore, the motion for partial summary judgment is DENIED.

## II.  <u>STATEMENT OF FACTS</u>[1]

The plaintiff was an employee of WBZ at all relevant times.  (DF ¶ 1).  In June 2007, she requested FMLA leave to care for her mother, who had been diagnosed with Alzheimer's disease.  (DF ¶ 2).  According to DeFilippo, she asked WBZ employee Jill Teichman if she could take her FMLA leave on an intermittent basis, and Teichman told her that the company policy prohibited intermittent leave.  (PF ¶ 1; <u>see</u> DF ¶ 4). Teichman did tell her, however, that she was entitled to up to twelve weeks of unpaid leave per year, during which she would continue to receive her health benefits.  (DF ¶ 3). DeFilippo completed the necessary paperwork, and took FMLA leave from work for twelve consecutive workweeks in the summer of 2007.  (DF ¶¶ 5-7).  On the pre-printed form she was given, immediately below the "Expected Duration of Leave" section, there was a section titled "Other information (e.g. reduced leave schedule or intermittent leave, vacation time and personal days to be applied, etc.)."  (DF ¶ 6).  In that section,

---

[1]  These facts are undisputed for purposes of the motion for summary judgment only. They are derived from the Defendant's Statement of Material Facts (Docket No. 13) ("DF"), the exhibits attached to the Declaration of Mark W. Batten, counsel for the defendant (Docket No. 12) ("Def. Ex."), Plaintiff's Statement of Disputed Material Facts included in its Opposition to the motion for summary judgment (Docket No. 14) ("PF") and the exhibits thereto ("Pl. Ex.").

DeFilippo requested that 10 paid vacation days and 2 paid personal days be applied to her leave.  (Id.).  She made no mention of intermittent leave.  If, however, DeFilippo had been advised that intermittent leave was available, she would have taken it since she needed the leave to help her mother attend medical appointments and the like, and a few hours of leave on a given day would have been most beneficial.  (PF ¶ 8).

According to DeFilippo, in 2009 she again requested FMLA leave in a meeting with Teichman.  (PF ¶ 2).  DeFilippo was emotionally distraught due to the stresses of caring for her mother, and explained to Teichman that she was concerned that she needed to take the leave all at once, because it would cause her to lose a significant portion of her salary.  (PF ¶ 2).  It is undisputed that DeFilippo did not expressly ask about intermittent leave.  (DF ¶ 9).  Teichman allegedly did not correct her previous misrepresentation that the leave had to be taken all at once, nor did she retract her statement that company policy prohibited the taking of intermittent leave.  (See PF ¶¶ 2-3).  DeFilippo had not received any information from WBZ indicating that its policy on intermittent leave had changed since 2007, so, in reliance on Teichman's previous representation, DeFilippo requested six to eight weeks of leave of a single duration.  (PF ¶ 3).  According to the plaintiff, she would have requested intermittent leave in 2009 if she had been informed that the company allowed intermittent leave.  (PF ¶ 4).

DeFilippo again requested FMLA leave in 2011.  (PF ¶ 5).  Since she was still of the belief that the company did not allow intermittent leave, DeFilippo requested and received twelve weeks of consecutive leave.  (PF ¶ 5).  She did not ask about intermittent

leave.  (DF ¶ 9).  However, according to DeFilippo, she would have taken intermittent

leave in 2011 if she had been advised that it was an available option.  (PF ¶¶ 6, 8).  The

form that DeFilippo completed in 2011 was substantially similar to the one she had

completed in 2007, and referred to "intermittent leave" in a parenthetical after the

heading "other information."  (PF ¶ 7).  Since the form was substantively identical to the

earlier form, she did not believe that the company's policy precluding intermittent leave

had changed.  (PF ¶ 7).

      DeFilippo commenced the instant action on April 24, 2012.

      Additional facts will be provided below where appropriate.

### III.  ANALYSIS

#### A.    Standard of Review

      In ruling on a motion for summary judgment, the facts must be viewed in the light

most favorable to the non-moving party.  See Vineberg v. Bissonnette, 548 F.3d 50, 56

(1st Cir. 2008).  Summary judgment is appropriate where "the pleadings, depositions,

answers to interrogatories and admissions on file, together with the affidavits" show that

"there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law."  Fed. R. Civ. P. 56(a), (c); Soc'y of the Holy Transfiguration

Monastery, Inc. v. Archbishop Gregory of Denver, Colo., 689 F.3d 29, 39 (1st Cir. 2012).

"[A]n issue is 'genuine' if it 'may reasonably be resolved in favor of either party.'"

Vineberg, 548 F.3d at 56 (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir.

1990)).  "A fact is material only if it possesses the capacity to sway the outcome of the

litigation under the applicable law." Id. (quotations, punctuation and citations omitted).

Applying these principles to the instant case compels the conclusion that the motion for

partial summary judgment be denied.

### B.    Statute of Limitations

It is undisputed that the FMLA contains a two-year statute of limitations for

non-willful FMLA leave violations, 29 U.S.C. § 2617(c)(1), or a three-year statute of

limitations for willful violations.  Id. § 2617(c)(2).  The statute begins to run at the time

"when an employer improperly denies a request for leave" (or interferes with an

employee's right to take leave), and the denial is communicated to the employee in a

reasonably clear manner.  See Reed v. Lear Corp., 556 F.3d 674, 681 (8th Cir. 2009).

WBZ contends that DeFilippo's claims are time-barred because the cause of action

accrued in 2007, when WBZ allegedly conveyed the wrong information about inter-

mittent leave, and her claims cannot be saved by the application of a "continuing

violation" theory.  (Def. Mem. (Docket No. 11) at 5-7).  For her part, DeFilippo contends

that she is not basing her claim on her 2007 leave, or on a "continuing violation" theory,

but rather is arguing that WBZ's interference with her exercise of her FMLA rights

"occurred in 2009 and 2011 when WBZ, after DeFilippo had previously been informed

that the company did not permit intermittent leave, failed to inform her that she could

take such leave" as required by the FMLA.  (Pl. Opp. (Docket No. 14) at 6).  At this

juncture, the motion for summary judgment must be denied, as there are disputed facts as

to whether WBZ had an obligation to tell DeFilippo about her right to take intermittent

leave in 2009 and 2011, and whether WBZ is equitably estopped from challenging

DeFilippo's failure to raise the issue of intermittent leave at those times.

## The Employer's Disclosure Obligations

The Supreme Court has described the critical components of the FMLA as

follows:

> The FMLA's central provision guarantees eligible employees 12 weeks of leave in a 1-year period following certain events: a disabling health problem; a family member's serious illness; or the arrival of a new son or daughter. 29 U.S.C. § 2612(a)(1). During the mandatory 12 weeks, the employer must maintain the employee's group health coverage. § 2612(c)(1). Leave must be granted, when "medically necessary," on an intermittent or part-time basis. § 2612(b)(1). Upon the employee's timely return, the employer must reinstate the employee to his or her former position or an equivalent. § 2613(a)(1). The Act makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of" these rights, § 2615(a)(1), and violators are subject to consequential damages and appropriate equitable relief, § 2617(a)(1).

Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 86-87, 122 S. Ct. 1155, 1160, 152

L. Ed. 2d 167 (2002).

The statute and applicable regulations require an employer to post a notice

disclosing "the pertinent provisions" of the FMLA, and to give employees individualized

notice of their rights under the Act when they request leave. Id. at 87-88, 122 S. Ct. at

1160-61. See 29 U.S.C. § 2619(a); 29 C.F.R. § 825.300 (employer notice requirements).

See also Brown v. E. Me. Med. Ctr., 514 F. Supp. 2d 104, 112 (D. Me. 2007) ("An

employer must provide individualized notice of FMLA rights when an employee requests

or takes leave, and the employer has sufficient information to believe that the FMLA may

apply."). Thus, without limitation, "[e]mployers are required to notify employees of their FMLA rights and respond promptly to employee questions about FMLA leave applicability and procedures." Crevier v. Town of Spencer, 600 F. Supp. 2d 242, 257 (D. Mass. 2008) (citing 29 C.F.R. §§ 825.301(c)(1) and (d)). "An employer's failure to explain FMLA procedures properly and accurately can constitute interference with an employee's FMLA rights if it causes the employee to forfeit FMLA protections." Id. (internal quotations omitted) and cases cited.

The plain language of the FMLA entitles employees to take intermittent leave, and employers are obligated to so advise their employees. See Mora v. Chem-Tronics, Inc., 16 F. Supp. 2d 1192, 1224 (S.D. Cal. 1998) ("as a matter of law, an employee handbook that fails to provide such essential information as the kind of leave that can be taken, i.e., intermittent, is inadequate."). Consequently, courts have recognized that the failure to advise an employee of his/her right to take intermittent leave "may constitute interference with an employee's FMLA rights if it causes the employee to forfeit FMLA protections." Id. at 1227 (quoting LaCoparra v. Pergament Home Ctrs., Inc., 982 F. Supp. 213, 220 (S.D.N.Y. 1997)). See also Ragsdale, 535 U.S. at 89-90, 122 S. Ct. at 1161-62 (recognizing, without holding, that failure to advise employee of her right to take intermittent leave may "deny," "restrain," or "interfere with" the employee's right under the FMLA to take such intermittent leave.).

WBZ contends that it was up to DeFilippo to request intermittent leave, and her failure to broach the subject precludes her from claiming that there was any violation of

her rights in 2009 and 2011.  (See Def. Mem. at 6).  This argument is not persuasive.  As

an initial matter, as WBZ acknowledges, each request for leave was a discrete event.

(See Def. Mem. at 8 and cases cited).  See also Maher v. Int'l Paper Co., 600 F. Supp. 2d

940, 950 (W.D. Mich. 2009) ("the court concludes that, as a matter of law, the FMLA

limitations period began to run for each denial of FMLA leave . . . at the time [the

employer] made the particular denial and assessment").  The defendant has cited no

authority for the proposition that it was relieved from its obligation as a matter of law to

explain DeFilippo's rights under the FMLA when she requested leave several years after

her initial request.  Whether and to what extent WBZ was obligated to give individualized

notice to DeFilippo will require additional development of the record.  See Brown, 514 F.

Supp. at 112 n.13 (whether an employer was obligated to provide individualized notice,

including an explanation of intermittent leave, was dependent on whether the employee

requested leave and had provided information about what was needed).  Under such

circumstances, summary judgment must be denied.  See Call v. Fresenius Med. Care

Holdings, Inc., 534 F. Supp. 2d 184, 199 (D. Mass. 2008) (the existence of "myriad

factual disputes" which were "central to the issue of whether [the plaintiff] gave

appropriate notice of her need for FMLA leave, prevent resolution of the FMLA

interference claim as a matter of law for either party.").

## Equitable Estoppel

Furthermore, DeFilippo should be entitled to develop the record in support of her

claim that WBZ should be equitably estopped from relying on the fact that DeFilippo did

not specifically raise the subject of intermittent leave in 2009 and 2011.  Equitable estoppel is available in FMLA cases against a private employer.  <u>Nagle v. Acton- Boxborough Reg'l Sch. Dist.</u>, 576 F.3d 1, 3 (1st Cir. 2009).  This "doctrine seeks to prevent injustice when an individual detrimentally and predictably relies on the misrepresentation of another."  <u>Id.</u>  To prevail on such a claim a party must establish that "(1) the party to be estopped made a definite misrepresentation of fact to another person having reason to believe that the other would rely upon it; (2) the party seeking estoppel relied on the misrepresentations to its detriment; and (3) the reliance was reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading."  <u>Id.</u> (quoting <u>Mimiya Hosp., Inc. SNF v. U.S. Dep't of Health & Human Servs.</u>, 331 F.3d 178, 182 (1st Cir. 2003) (internal punctuation omitted)).  In the instant case, DeFilippo contends that she relied on WBZ's affirmative misrepresentation that she was not entitled to take intermittent leave.  Further development of the record is appropriate, and a fact-finder should be entitled to determine whether WBZ is estopped from challenging DeFilippo's failure to raise the subject of intermittent leave in 2009 and 2011.

## IV.  <u>CONCLUSION</u>

For all the reasons detailed herein, the Defendant's Motion for Partial Summary Judgment (Docket No. 10) is DENIED.


            / s / Judith Gail Dein

Judith Gail Dein
U.S. Magistrate Judge